**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| ANGELA MURRAY, as personal representative of the estate of Rubyn Murray, | * * * * | |
| Plaintiff, | * * | Civil Action No.: |
| v. | * * | |
| D'MARCUS SANDERS, CORNELIUS SIMPSON, OFC. GREER, OFC. MCCULLOUGH, and OFC. MINOR, | * * * * | **Jury Trial Demanded** |
| Defendants. | * | |

## COMPLAINT FOR DAMAGES

ANGELA MURRAY, as personal representative of the estate of Rubyn Murray ("Plaintiff"), files this Complaint for Damages against Defendants D'MARCUS SANDERS, CORNELIUS SIMPSON, OFC. GREER, OFC. MCCULLOUGH, AND OFC. MINOR (collectively "Defendants"), showing this Honorable Court the following:

## PARTIES, JURISDICTION AND VENUE

1.

Plaintiff Angela Murray is a resident of Alabama. She is the mother of Rubyn Murray and the personal representative of his estate.

2.

Defendant D'Marcus Sanders is a resident of Alabama and is subject to the personal jurisdiction of this Court.

3.

At all times relevant to this action, Defendant Sanders was acting under color of state law and as a correctional officer employed by the Alabama Department of Corrections.

4.

Defendant Cornelius Simpson is a resident of Alabama and is subject to the personal jurisdiction of this Court.

5.

At all times relevant to this action, Defendant Simpson was acting under color of state law and as a correctional officer employed by the Alabama Department of Corrections.

6.

Defendant McCullough is a resident of Alabama and is subject to the personal jurisdiction of this Court.

7.

At all times relevant to this action, Defendant McCullough was acting under color of state law and as a correctional officer employed by the Alabama Department of Corrections.

8.

Defendant Minor is a resident of Alabama and is subject to the personal jurisdiction of this Court.

9.

At all times relevant to this action, Defendant Minor was acting under color of state law and as a correctional officer employed by the Alabama Department of Corrections.

10.

Defendant Greer is a resident of Alabama and is subject to the personal jurisdiction of this Court.

11.

At all times relevant to this action, Defendant Greer was acting under color of state law and as a correctional officer employed by the Alabama Department of Corrections.

12.

Venue is proper in this District.

## FACTUAL ALLEGATIONS

13.

On July 26, 2023, Rubyn Murray was incarcerated at Elmore State Penitentiary.

14.

When Mr. Murray came to breakfast, he got into an altercation with a guard named Aquella Morris.

15.

Ms. Morris sprayed Mr. Murray in the face with pepper spray. Mr. Murray swung erratically, hitting Ms. Morris.

16.

Ms. Morris was pregnant by Defendant Sanders at the time.

17.

Mr. Murray was beaten and placed in isolation as a result of the incident.

18.

Later that day, Defendant Sanders attempted to get access to Mr. Murray, but the guard on duty at the time refused to give him access.

19.

Defendant Sanders waited until the guard who had refused him access got off shift.

20.

Defendant Sanders then tried again to get access to Murray.

21.

Defendant Simpson knew that Sanders intended to harm Murray.

22.

Despite that knowledge, Defendant Simpson gave Sanders the keys to Murray's cell.

23.

Sanders recruited Defendants McCullough, Minor, and Greer, and inmates Fredrick Gooden and Stefranio Hampton, to assault Murray in retaliation for the incident with Ms. Morris.

24.

Defendants Sanders, McCullough, Minor, and Greer, and inmates Gooden and Hampton, entered Murray's cell and assaulted him.

25.

Defendants Sanders, McCullough, Minor, and Greer, and inmates Gooden and Hampton, beat Murray until he was unresponsive.

26.

Then Defendants left Murray in his cell without medical attention.

27.

At this time, all of the Defendants knew that Murray had been beaten.

28.

None of the Defendants checked on Murray for more than three hours after the assault.

29.

When someone finally checked on Murray, he was alive but he was not breathing and was unresponsive.

30.

Murray was transported to the hospital and was briefly revived.

31.

Murray died as a result of the injuries he sustained in the assault.

## COUNT I: 42 U.S.C. § 1983

## CRUEL AND UNUSUAL PUNISHMENT / DUE PROCESS

32.

The factual allegations contained in Paragraphs 1 through 31 are incorporated into this paragraph as if expressly set forth herein.

33.

Defendants Sanders, McCullough, Minor, and Greer (the "Assault Defendants") unlawfully assaulted and beat Rubyn Murray.

34.

The unlawful assault caused Rubyn Murray substantial physical injuries.

35.

The unlawful assault caused Rubyn Murray pain, suffering, and terror of death.

36.

Rubyn Murray died as a result of the unlawful assault.

37.

The unlawful assault deprived Rubyn Murray of life without due process of law.

38.

The unlawful assault constituted cruel and unusual punishment of Rubyn Murray.

39.

The unlawful assault of Rubyn Murray shocks the conscience.

40.

No reasonable officer could have believed that the unlawful assault was constitutional.

41.

As a result of the unlawful assault, Defendant Sanders, Defendant Simpson and inmates Gooden and Hampton have been charged with murder by the State of Alabama.

42.

Plaintiff is entitled to recover damages from each of the Assault Defendants on behalf of the Estate of Rubyn Murray.

## COUNT II: 42 U.S.C. § 1983

### FAILURE TO INTERVENE / DELIBERATE INDIFFERENCE

43.

The factual allegations contained in Paragraphs 1 through 31 are incorporated into this paragraph as if expressly set forth herein.

44.

Each of the Defendants had actual knowledge of the impending assault on Murray before it happened.

45.

Each of the Defendants had actual knowledge of the assault on Murray while it was happening.

46.

Each of the Defendants had a duty to intervene to prevent the unlawful assault on Murray before it began and to stop the assault after it began.

47.

Each of the Defendants had time and opportunity to intervene to prevent the unlawful assault on Murray before it began and to stop the assault after it began.

48.

None of the Assault Defendants intervened to prevent any of the others from committing the unlawful assault on Rubyn Murray.

49.

None of the Assault Defendants intervened to stop the assault or prevent Murray from becoming fatally injured.

50.

Defendant Simpson did not intervene to prevent or stop the assault.

51.

Defendant Simpson did not tell his superiors before or during the assault so that they could intervene.

52.

Defendant Simpson has been indicted by the State of Alabama for his involvement in the assault on Rubyn Murray.

53.

Each Defendant's failure to intervene as described herein proximately caused severe injuries and death to Rubyn Murray.

54.

Each Defendant's conscious failure to intervene to prevent or stop the unlawful assault constituted deliberate indifference to Rubyn Murray's constitutional rights.

55.

The Estate of Rubyn Murray is entitled to an award of compensatory damages for the injuries and death caused by Defendants' failure to intervene.

## COUNT III: 42 U.S.C. § 1983

## DELIBERATE INDIFFERENCE TO MEDICAL NEEDS

56.

The factual allegations contained in Paragraphs 1 through 31 are incorporated into this paragraph as if expressly set forth herein.

57.

Immediately after the beating, Defendants each knew that Rubyn Murray had been severely beaten by multiple assailants.

58.

Each of the Defendants also knew that Rubyn Murray had suffered serious injuries as a result of the assault.

59.

Each of the Defendants had a duty to obtain prompt medical help for Mr. Murray.

60.

Among other things, Alabama Department of Corrections policy requires employees to obtain prompt medical help for inmates who are seriously injured.

61.

Each of the Defendants knew that ADOC policy required them to obtain prompt medical help for Mr. Murray.

62.

None of the Defendants obtained medical help for Rubyn Murray for at least three hours after the beating.

63.

The Defendants intentionally did not call for medical help, because they did not want the beating to be discovered.

64.

During that three hours, Rubyn Murray was bleeding internally and externally.

65.

During that three hours, Rubyn Murray became unable to breathe.

66.

When someone finally checked on Mr. Murray more than three hours later, he was not breathing and was unresponsive.

67.

The fact that the Defendants did not obtain timely medical help for Mr. Murray after the beating caused him further injury.

68.

The fact that the Defendants did not obtain timely medical help for Mr. Murray after the beating caused him pain, suffering, and the terror of death.

69.

The fact that the Defendants did not obtain timely medical help for Mr. Murray after the beating kept medical providers from being able to save his life.

70.

The Estate of Rubyn Murray is entitled to an award of compensatory damages for the injuries and death caused by the Defendants' deliberate indifference to Mr. Murray's need for timely medical help.

## COUNT IV: 42 U.S.C. § 1983

## CONSPIRACY

71.

The factual allegations contained in Paragraphs 1 through 31 are incorporated into this paragraph as if expressly set forth herein.

72.

Each of the Defendants conspired, agreed, and had a meeting of the minds with the other Defendants to deprive Rubyn Murray of his rights under federal law, including without limitation under the Eighth and Fourteenth Amendments to the United States Constitution.

73.

The object of the conspiracy was to accomplish and then cover up the assault and beating of Rubyn Murray.

74.

Each Defendant communicated with the others, verbally and nonverbally, in furtherance of the conspiracy.

75.

Each Defendant took acts in furtherance of the conspiracy.

76.

Each of the Assault Defendants acted in furtherance of the conspiracy by participating in the assault and battery of Rubyn Murray.

77.

Each of the Defendants acted in furtherance of the conspiracy by, among other things, agreeing not to get medical help for Rubyn Murray or report the assault.

78.

As a result of Defendants' concerted actions within the scope of the conspiracy, Rubyn Murray was assaulted and fatally beaten.

79.

As a result of Defendants' concerted actions within the scope of the conspiracy, Rubyn Murray was denied life-saving medical care.

80.

Each of the Defendants is jointly and severally liable to Plaintiff for the acts and omissions of each of his co-conspirators within the scope of the conspiracy.

## COUNT V:  42 U.S.C. § 1988

## ATTORNEY FEES AND EXPENSES OF LITIGATION

81.

Plaintiffs reallege and incorporate Paragraphs 1 through 31 as if fully set forth herein.

82.

Because of each Defendant's violations of Rubyn Murray's federal civil rights, Plaintiff is entitled to an award of costs, including but not limited to reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff respectfully requests the following relief:

(a)     That the Court award Plaintiff compensatory, punitive, and/or nominal damages against Defendants in an amount to be determined by the enlightened conscience of an impartial jury;

(b)     That the Court grant Plaintiff her reasonable costs and attorney's fees in bringing this action in an amount to be determined at trial;

(d)     That Plaintiff be granted a trial by jury on all issues so triable; and

(e)     That Plaintiff be granted such other and further relief as this Court deems just and proper.

**[Signatures on next page]**

Respectfully submitted, this 27th day of June 2025.


*s/ Erby Fischer*
ERBY FISCHER
ASB-2236-F40E
**Morgan & Morgan**
216 Summit Blvd.
Suite 300
Birmingham, Alabama 35243
p: (659) 204-6364
f:  (659) 204-6389
efischer@forthepeople.com
*Attorneys for Plaintiffs*

*s/ ShaMiracle Johnson*[1]
SHAMIRACLE RANKIN
Georgia Bar No. 211640
**Morgan & Morgan**
191 Peachtree Street NE
Suite 4200
Atlanta, GA 30303
p: (404) 965-1694
f:  (470) 639-6885
srankin@forthepeople.com
*Attorneys for Plaintiffs*

*s/ Leighton Moore*
LEIGHTON MOORE
Georgia Bar No. 520701
**The Moore Law Firm, PC**
235 S. Columbia Dr.
Decatur, Georgia 30030
p: (404) 285-5724
leighton@moorefirmpc.com
*Attorneys for Plaintiffs*

---

[1] Motions for *Pro Hac Vice* Admission to this Court for Attorneys ShaMiracle Johnson and Leighton Moore, were filed contemporaneously with this Complaint.